# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHAD A. MOORE,**

    **Plaintiff,**

v.

**CENTRAL OHIO DRUG
ENFORCEMENT TASK FOCE
(CODE TF),** *et al.*,

    **Defendants.**

Civil Action 2:16-cv-987
Judge George C. Smith
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendants' Motion to Dismiss (ECF No. 15.), Plaintiff's Response in Opposition (ECF No. 17), and Defendants' Reply (ECF No. 20). For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Plaintiff, a prison inmate under the custody and control of the Ohio Department of Rehabilitation and Correction, brings his claims pursuant to 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights. (Doc. No 1 at 1.) Plaintiff asserts that on September 1, 2015, Defendant Boerstler "knowingly included false statements in the search warrant application for Plaintiffs' property and residence." (*Id*. at 3.) As a result, a warrant issued leading to the seizure of certain evidence, destruction of property, and Plaintiff's arrest. (*Id*. at 4-5.) According to Plaintiff, he subsequently discovered the identity of a confidential informant, Andrew Beck, whose statements to Defendant Boerstler served as the basis of the

warrant. (*Id*. at 4, 5.) Plaintiff alleges that Mr. Beck did not make the statements that Defendant Boerstler claimed in his search warrant application, and Mr. Beck has executed an affidavit to that effect, which was incorporated into Plaintiff's Complaint. (*Id*. at 14; ECF No. 17 at 3.) Plaintiff seeks an unspecified amount of money damages and attorney fees. (ECF No. 6 at 8.)

In their Motion, Defendants argue that Plaintiff's claims are barred by *res judicata* and by the *Heck* doctrine, enunciated in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). (ECF No. 15 at 3, 5.) Defendants also argue that they may not be sued in their official capacities and that the Licking County Sheriff's Department enjoys immunity from suit in this matter. (*Id*. at 6-9.)

## II. Standard of Review

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a

2

complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. Analysis

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub*

*nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

## A. Res Judicata

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

Defendants argue that Plaintiff's claims are barred because this Court dismissed his previous suit, making almost identical allegations against two of the same Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *See Moore v. Licking Cnty. Sheriff's Office, et al.*, No. 2:16-cv-41 (S.D. Ohio May 19, 2016). Both the Magistrate Judge's Report and Recommendation and the District Judge's Order adopting it, however, explicitly stated that Plaintiff's Complaint was dismissed without prejudice. *Id.*

4

"It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits *unless* the court specifies otherwise." *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) (emphasis in original). Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal and describes its effect. Where a plaintiff fails to prosecute or comply with the civil rules or any court order, the court, upon defendant's motion, may dismiss the action or any claim. Fed. R. Civ. P. 41(b). The effect of any dismissal under the Rule, "[u]nless the dismissal order states otherwise . . . operates as an adjudication on the merits." *Id*. A dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is a dismissal under Rule 41(b) for failure to comply with the civil rules. Even were it not, a dismissal under Rule 12(b)(6) would fall under Rule 41(b)'s catch-all provision: "and any dismissal not under this rule." Fed. R. Civ. P. 41(b). Either way, a dismissal order pursuant to Rule 12(b)(6) that fails to state that it is without prejudice or that it is not on the merits is automatically categorized as a dismissal with prejudice or on the merits. *Id*. In contrast, a dismissal explicitly "without prejudice" is not on the merits and does not bar re-filing. *Nunn v. Bracey*, No. 89-6308, 1991 WL 16464, at *9, 925 F.2d 1465 (6th Cir. 1991) (unpublished table opinion) (citing 9 C.Wright & A. Miller, Federal Practice and Procedure § 2373 (1971)).

Because the Court's order dismissing Plaintiff's earlier complaint was explicitly "without prejudice," the dismissal was not "on the merits" for *res judicata* purposes. Defendants' argument that Plaintiff is barred from re-filing, therefore, is not well-taken.

**B. Claims against Defendants in their Official Capacities**

Section 1983 does not permit Plaintiff to bring his claim for money damages against Defendants in their official capacities. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. In suits for damages, state officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's § 1983 claims against Defendants in their official capacities, therefore, is not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

**C. The *Heck* Doctrine**

In *Heck*, the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486–87. Under *Heck*, when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In contrast, where "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be

allowed to proceed . . . ." *Heck*, 512 U.S. at 487. In illustrating such an action, the *Heck* Court explained:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id*. at 487, n. 7 (emphasis in original) (internal citations omitted). Some courts have construed this footnote as creating an exception to *Heck's* requirement that a criminal conviction be invalidated before its constitutionality can be challenged under § 1983. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558, n. 3 (10 Cir. 1999); *Copus v. City of Edgerton*, 151 F.3d 646, 648–49 (7th Cir. 1998). The Sixth Circuit, however, "emphatically rejected" this interpretation in *Schilling v. White, et al.*, 58 F.3d 1081, 1086 (6th Cir. 1995).

In *Schilling*, police officers responded to an accident scene involving the plaintiff's car and discovered drugs in the car. Plaintiff was charged with driving under the influence and subsequently pleaded guilty. Plaintiff later brought a § 1983 suit for money damages against the officers for violating his Fourth Amendment rights based on the allegedly illegal search of his car. *Id*. at 1082–83. The District Court dismissed the § 1983 claims because the plaintiff's guilty plea and conviction had not been overturned. *Id*. The Sixth Circuit affirmed, reasoning as follows:

> The fact that a Fourth Amendment violation may not necessarily cause an illegal conviction does not lessen the requirement that a plaintiff show that a conviction was invalid as an element of constitutional injury. The Court explicitly foreclosed

7

> this line of reasoning in *Heck*, when it concluded that because an illegal seizure does not automatically render a conviction invalid, an illegal seizure does not alone create a[n] injury compensable under § 1983.... [Footnote 7] of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted from the requirement that a conviction must be set aside as a precondition for this type of § 1983 suit.

*Schilling*, 58 F.3d at 1086 (emphasis in original) (internal citations and quotations omitted). The Sixth Circuit, therefore, concluded that "no cause of action exists until [the plaintiff's] conviction is legally eliminated . . . ." *Id*. at 1087.

Heck requires the same result here. It is clear from the face of the complaint that plaintiff's conviction and sentence have not been overturned or invalidated in accordance with *Heck* and *Schilling*. Plaintiff, therefore, has not alleged an element of his claim, namely an injury amounting to Constitutional deprivation. Further, a successful challenge against Defendants for their role in obtaining a warrant leading to plaintiff's arrest, prosecution, and criminal conviction would necessarily imply the invalidity of plaintiff's conviction and sentence. Plaintiff's claims for damages are, therefore, barred by *Heck*. Moreover, plaintiff's complaint demonstrates that he is in fact challenging the lawfulness of his conviction and sentence. Plaintiff avers in his Complaint that the search warrant permitting Defendants to gather evidence at his home, leading directly to his arrest and conviction, was "based upon . . . false statements or statements made by Kyle Boerstler with reckless disregard for the truth." (ECF No. 6 at 4.) So long as his conviction remains valid, *Heck* prohibits Plaintiff's claims in this respect. To the extent that Plaintiff seeks to bring a cause of action under § 1983 attacking the validity of the searches and seizures of evidence leading to his arrest or the constitutionality of his conviction, the Undersigned finds he has not stated a § 1983 claim upon which relief may be granted by this Court.

**D. Damage to Property**

In addition to his allegations of Constitutional injury, Plaintiff also alleges that Defendants damaged unspecified personal and/or real property. (ECF No. 6 at 5.) Although not barred by *Heck*, these claims sound in tort and do not rise to the level of a Constitutional claim. *See Harris v. Liston,* 1999-Ohio-159, 86 Ohio St. 3d 203, 205, 714 N.E.2d 377, 378–79 (Ohio 1999) (recognizing negligent damage to real property as a tort under Ohio law); *see also Dryden v. Cincinnati Bell Tel. Co.*, 135 Ohio App. 3d 394, 404, 734 N.E.2d 409, 416 (Ohio Ct. App. Aug. 20, 1999) (setting forth elements of trespass to chattel under Ohio tort law). With respect to a state law tort claim, a federal court sits as a court of the forum state and is bound to apply its substantive law. *Guaranty Trust Co. v. York,* 326 U.S. 99, 108–09 (1945). The Sixth Circuit has recognized "Ohio law requires that, prior to asserting a claim against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Ohio Revised Code § 9.86." *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989). The Ohio Court of Claims has made no such determination in this matter. This Court, therefore, is not in a position to determine whether Defendants are immune from Plaintiff's state law tort claim. Until the Ohio Court of Claims determines that they are not immune, then, Plaintiff's claims are not cognizable in this Court. Prior to the Court of Claims' determination, there is no claim under Ohio law upon which relief can be granted against Defendants in their individual capacity. The only cognizable claim, at least initially, lies against the State of Ohio in the Court of Claims. *Id.* (citing Ohio Rev. Code Ann. § 2743.02(F)). Accordingly, the Undersigned finds that Plaintiff's state law tort claim is not properly before this

Court and will not be until such time as a cause of action against Defendants is recognized under Ohio law.

### E. Licking County, Ohio Sheriff's Department

The Undersigned finds that Plaintiff has failed to state a claim upon which relief may be granted against the Licking County Sheriff's Department because it is not an entity that is capable of being sued. Under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983. *Petty v. Cty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (abrogation on other grounds recognized by *Bailey v. City of Ann Arbor*, 860 F.3d 283 (6th Cir. 2017)). Thus, there is no merit to any argument that the Licking County Sheriff's Department could be implicated as a separate legal entity in this case. *Id*. (citing *Batchik v. Summit County Sheriff's Dep't*, Nol 13783, 1989 WL 26041, at *1 (Ohio Ct. App. March 15, 1989).)

Even if the Court were to liberally construe the *pro se* Complaint as alleging claims against Licking County itself, Plaintiff's claim would nevertheless fail. Counties cannot be held vicariously liable under § 1983 based on the theory of *respondeat superior* for injuries inflicted solely by their employees or agents. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Services*, 436 U.S. 658, 690-92 (1978); *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000); *see Davis*, 2009 WL 414269 at *2 ("A plaintiff may not rely on the doctrine of *respondeat superior* to find a government entity liable under § 1983 when the claim is founded solely on an allegation that its agent caused the injury."). To state a claim for relief under § 1983 against a county, a plaintiff must allege that his "injuries were the result of an unconstitutional policy or custom" of the county. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see*

*Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (municipal policy must be "moving force" behind constitutional deprivation). Counties cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). In the instant case, Plaintiff has alleged no facts indicating that Defendants violated his constitutional rights pursuant to a policy or custom of Licking County. Plaintiff does not mention the Licking County Sheriff's Department, Licking County government, or any of their policies or directives in his Complaint. Plaintiff does not even state what the alleged policy or custom is. In the absence of such allegations, Plaintiff has failed to state a claim for which relief may be granted based on the theory of county liability. *Monell*, 436 U.S. at 693-694. Accordingly, the Undersigned finds that Plaintiff has failed to state a claim for which relief may be granted against Defendant Licking County Sheriff's Department, or, to the extend he intended to assert a claim, against Licking County.

**F. Central Ohio Drug Enforcement Task Force**

Similarly, Plaintiff's claims against the Central Ohio Drug Enforcement Task Force (the "Task Force") fail. The task force is comprised of law enforcement and prosecutors from the Ohio counties of Coshocton, Knox, Licking, Muskingum, Perry, and Guernsey. The Task Force, therefore, is only liable under § 1983 to the extent Defendant's "injuries were the result of an unconstitutional policy or custom" of the counties. *Matthews*, 35 F.3d at 1049. Other than in its Caption, Plaintiff mentions neither the Task Force nor its constituent counties in his Complaint. Accordingly, the Undersigned finds that Plaintiff has failed to state a claim for which relief may be granted against the Central Ohio Drug Enforcement Task Force, or, to the extend he intended

to assert a claim, against Coshocton, Knox, Licking, Muskingum, Perry, and Guernsey counties for their role in the Task Force.

## IV. CONCLUSION

For the reasons explained above, Plaintiff has failed to state a claim on which relief may be granted against Defendants. Accordingly, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED**. (ECF No. 15.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d

981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: March 6, 2018　　　　　　　　　　　　　　　　/s/ *Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　ELIZABETH A. PRESTON DEAVERS
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE